James E. BROWN, Plaintiff,

v.

John O. MARSH, Secretary of the Army, Defendant.

Civ. A. No. 80–1169.

United States District Court, District of Columbia.

May 12, 1988.

Joseph M. Sellers of the Washington Committee for Civil Rights Under Law, Washington, D.C. and John R. Erickson, of Reed, Smith, Shaw & McClay, McLean, Va., for plaintiff.

Jay B. Stephens, U.S. Atty., for the District of Columbia, and John D. Bates, Washington, D.C., and William J. Dempster, Asst. U.S. Attys., for defendant.

OPINION

CHARLES R. RICHEY, District Judge.

INTRODUCTION

The genesis of this case was plaintiff's 1975 administrative complaint charging that he had been systematically denied promotions and subjected to unlawful retaliation for filing previous discrimination complaints. After pursuing his claim at various administrative and judicial levels, plaintiff seeks to enforce an Equal Employment Opportunity Commission report finding in his favor. He has moved for partial summary judgment on this theory, and, after carefully considering the legal memoranda, the arguments advanced in open court, and the underlying law, the Court must grant plaintiff's motion.

BACKGROUND

The facts of this case are not in dispute. In 1977, the Army issued a final decision rejecting plaintiff's complaint, and he appealed.[1] In 1981, the Equal Employment Opportunity Commission ("EEOC") remanded a portion of plaintiff's complaint

---

1. Plaintiff appealed to the Administrative Review Board of the Civil Service Commission on July 26, 1977. *Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment, Exhibit 1* (Report of Supplemental Investigation of the Equal Employment Opportunity Commission), at 3. The Civil Service Reform Act of 1978 was enacted while that appeal was pending. That Act abolished the Civil Service Commission and transferred federal equal employment opportunity enforcement to the Equal Employment Opportunity Commission. As a result, plaintiff's appeal was transferred to, and decided by, the EEOC's Office of Review and Appeals. *Id.*

for further investigation and analysis.[2] Because one of the alleged discriminators had become the Administrator of the Army's Civilian Appellate Review Agency, the Army did not itself conduct the review but referred plaintiff's complaint back to the EEOC for investigation. *Plaintiff's Exhibit 2* (Letter from W. Gibson to Director, Office of Field Services, Feb. 17, 1981).

Accordingly, the Army and the EEOC entered into a Memorandum of Understanding ("MOU") about the conduct of the EEOC investigation of plaintiff's complaint. *See* 29 C.F.R. § 1613.216(c). In pertinent part, the MOU provided:

> Upon conclusion of the investigation, the District Director of the EEOC Office which investigated the complaint will forward the investigative file to the Agency to continue processing in accordance with 29 C.F.R. § 1613.217 through § 1613.222. Included in the investigative file will be a recommendation as to the disposition of the complaint. This recommendation will be signed by the District Director of the EEOC Office which conducted the investigation.
>
> Upon receipt of the investigative file and recommended finding from EEOC, the Agency will resume responsibility for processing the complaint pursuant to 29 C.F.R. § 1613.217 through 1613.222, subject to the following additional responsibilities and clarifying instructions:
>
> a. The Agency will perform all of its responsibility under 29 C.F.R. § 1613.217(a) and (b) within 30 days following the day on which the investigative file and recommended disposition are received from the EEOC District Office. *If, on the 31st day following the receipt of the file, the Agency has neither entered into a written adjustment of the complaint nor notified the complainant in writing of its proposed disposition, the Agency will adopt EEOC's recommended disposition as its proposed disposition of the complaint.* The Agency will promptly notify the complainant of the proposed disposition and of his/her rights under 29 C.F.R. § 1613.217(b).

*Plaintiff's Exhibit 3, § B, ¶ 3, § C, ¶ 5(a).*

It is the timing and character of defendant's actions that are at issue in this case. On October 31, 1985, the EEOC issued its "Report of Supplemental Investigation," which found in plaintiff's favor and recommended his retroactive promotion with full backpay and other appropriate relief. *Plaintiff's Exhibit 1.* The Report was accompanied by a cover letter signed by an agent for the EEOC's District Director. Defendant received this Report on or before November 4, 1985. *Plaintiff's Exhibit 6.* On December 9, 1985—39 days after the Report was sent and 35 days after defendant received it—defendant returned the Report to the EEOC because it was not signed by the EEOC's District Director, as required by the Memorandum of Understanding. *Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment, Exhibit ("Defendant's Exhibit") A.*

## BECAUSE THE ARMY'S REJECTION OF THE EEOC DECISION WAS UNTIMELY, PLAINTIFF IS ENTITLED TO PARTIAL SUMMARY JUDGMENT.

Defendant admits that he received the EEOC's "Supplemental Report" on plaintiff's complaint on November 4, 1985. He admits that the Memorandum of Understanding gave him thirty days in which to "enter into a written adjustment of the complaint" or inform plaintiff that he had rejected the EEOC decision; he also admits, as he must, that the Memorandum of Understanding clearly states that he would

---

**2.** Specifically, the EEOC remanded plaintiff's complaint for further investigation and analysis on the questions (1) whether the failure to select plaintiff for the position of Housing Management Assistant GS 1173–9, Housing Division, Directorate for Industrial Operations (Job An- nouncement F–125–75), was due to race or reprisal, and (2) whether the failure to convert plaintiff from an overseas limited appointment to career status in a timely manner was due to race. *Plaintiff's Exhibit 1,* at 4.

be deemed to have adopted the EEOC decision by default if he failed to take these specified actions in a timely fashion. *Memorandum of Understanding, Plaintiff's Exhibit 3, § C, ¶ 5(a); see also 29 C.F.R. § 1613.220(d).* He further admits that his only action was to return the "Supplemental Report" to the EEOC on December 9, 1985, more than thirty days after he received it.

In light of the clear language of the Memorandum of Understanding, these facts would seem inescapably to lead to the conclusion that defendant's action was untimely. Defendant, however, argues that the Memorandum of Understanding's requirements apply only if the EEOC recommendation complied in all particulars with the Memorandum of Understanding. Because the District Director had not signed the October 31, 1985, "Supplemental Report," as the Memorandum of Understanding contemplated, defendant argues that he was not required to return the "Supplemental Report" for the District Director's review within that thirty-day period.

This argument flies in the face of the Memorandum of Understanding's unambiguous language, which specifies that the agency "will adopt" the EEOC decision unless it timely notifies plaintiff of its rejection or it enters into a written adjustment of the complaint. As defendant admits that he neither adjusted the complaint nor notified plaintiff within that thirty-day period, defendant can find little comfort in the Memorandum.

The Memorandum of Understanding also states that the agency was responsible for processing the administrative decision in accordance with the governing regulations.[3] *See Plaintiff's Exhibit 3, at § C, ¶ 5(a).* Defendant attempts to rely on the regulations as well, but, like the Memorandum of Understanding, the regulations offer defendant no comfort.

Under the regulations, an EEOC decision is binding upon an agency unless it "adopts, rejects, or modifies" the decision within thirty days after receiving it. *29 C.F.R. §§ 1613.220(d); 1613.221(b)(2); see also, e.g., Noble v. Herrington,* No. 85-1507 (D.D.C. Feb. 16, 1988), slip op. at 3–7. No court has decided whether an agency "rejects" an EEOC decision, within the meaning of 29 C.F.R. § 1613.221(b)(2), when it finds that the EEOC has failed to abide by the precise terms of a Memorandum of Understanding and returns the decision to the EEOC for a decision that comports in all respects with a Memorandum of Understanding. Consequently, the Court cannot look to case law but must rely only on logic. And logic is precisely what defendant's argument lacks.

Essentially, defendant argues that he must reject an EEOC decision within thirty days if he disagrees with the substance of the decision, but he faces no time limitation if he finds the decision procedurally wanting, as he did here. Taken to extremes, defendant suggests that, while he has a month to reject an EEOC decision on substantive grounds, he could take years—and conceivably need never act—if he would reject the decision for failing to comply with a procedural requirement. This argument is unsupportable.

Nothing in the regulations (or the Memorandum of Understanding) suggests that an agency's rationale for rejecting an EEOC decision can or should affect the amount of time in which the agency can issue that rejection. Rather, by allowing an agency thirty days to "adopt, reject, or modify" an EEOC decision, the regulations (and the Memorandum of Understanding) extend that time limitation to *all* agency actions with respect to an EEOC decision. There is simply no basis for the Court to read the word "reject" in the regulations as if it says "reject on substantive grounds."

**3.** The Memorandum of Understanding states that the regulations ordinarily governing agency processing of EEOC complaints apply to plaintiff's complaint "subject to the following additional responsibilities and clarifying instructions." *Plaintiff's Exhibit 3, at § C, ¶ 5.* Neither party has claimed that the regulations governing agency action on an EEOC decision were changed by any such "clarifying instructions." While the Court believes that it may be possible to argue that the Memorandum of Understanding actually supplanted the regulations in pertinent part, it need not and will not address that question.

Ostensibly to support his position, defendant notes that he did not notify plaintiff when he returned the decision to the EEOC. Had this "return" been a "rejection," defendant argues, he would have been required to notify plaintiff of that fact. Because he did not notify plaintiff, he maintains, he did not "reject" the EEOC decision when he returned it because it was unsigned.

The Court cannot believe that defendant advances this Alice-in-Wonderland argument seriously. The tautology is too obvious: defendant points to his failure to comply with required procedures as proof that he did not have to comply with required procedures. Indeed, rather than suggest an excuse for defendant, this argument proves nothing but defendant's failure to comply with the regulations in any respect.

Thus, the Court finds that, by returning the October 31, 1985 decision to the EEOC on December 9, 1985, defendant was attempting to reject the EEOC decision more than thirty days after receiving it. Because defendant was obligated, under both 29 C.F.R. § 1613.221(b)(2) and the Memorandum of Understanding, to reject the decision within thirty days of receipt, defendant's action was untimely. As a result, defendant must be deemed to have adopted the decision, pursuant to Section C, paragraph 5(a) of the Memorandum of Understanding, and plaintiff is entitled to enforce the EEOC decision in this Court. *See Noble v. Herrington*, 85–1507 (D.D.C. Feb. 16, 1988), slip op. at 3–7.[4]

## CONCLUSION

Defendant has advanced a hypertechnical argument to defeat a discrimination claim by a Title VII plaintiff. In one sense, defendant's action is puzzling, as defendant is well aware that a court must look leniently upon a Title VII plaintiff and will not allow technical deficiencies to defeat recovery. *See, e.g., Brown v. Marsh*, 777 F.2d 8, 14 (D.C.Cir.1985). But defendant's action is not inexplicable; it is just the latest example of defendant's intransigent unwillingness to "assess its losses and find a modus vivendi with Mr. Brown." *Id.* at 18. As the Court of Appeals for this Circuit noted in the 1985 appeal of an earlier portion of this case, "it is certainly past time for all the many parts of this litigation to come to an end." *Id.*

Because the Court finds that defendant's actions with respect to the EEOC's October

---

4. Plaintiff advanced another argument in support of his partial summary judgment motion. This argument centers on defendant's treatment of the findings and recommendations issued by the EEOC after the Army returned and rejected the EEOC's initial finding in plaintiff's favor. On December 27, 1985, the EEOC again sent the Army its findings and recommendations with respect to plaintiff's complaint; this decision was identical to the October 31, 1985, decision in plaintiff's favor, except that it was signed in the EEOC District Director's name, apparently by her authorized agent. (Defendant has never tried to return this decision to the EEOC on the grounds that, like the October 31 decision, it was never signed by the District Director).

Plaintiff maintains that the agency was obligated to act on the December 27, 1985, decision within thirty days after the EEOC sent it to defendant. As the Memorandum of Understanding states that the thirty-day period runs for agency action begins "upon receipt of the investigative file and recommended finding," there is no basis for plaintiff's argument. Plaintiff also suggests that, even if the Court looks at the date of receipt by the agency, the agency's action was untimely. This is not true. Plaintiff's own exhibit shows that the Department of Defense mailroom received the EEOC decision on January 3, 1986. As defendant rejected the decision on January 31, 1986, he acted within the allotted thirty-day period and the rejection was timely. Nor does it matter that plaintiff did not receive notice of the rejection until February 4, 1986. The Memorandum of Understanding obliges the agency to notify plaintiff of the rejection within thirty days after receiving the complaint; it does not require the agency to ensure that plaintiff receives the rejection within the thirty-day period. *Plaintiff's Exhibit 3, at § C, ¶ 5(a).*

There is a genuine question, however, whether the Army's rejection constituted a legitimate final rejection of the EEOC's decision. The Army has never advanced reasons for its rejection, as required by 29 C.F.R. § 1613.221(b)(2), and in fact admits that it has never issued a "final decision" on this action. *Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment,* at 3 n. 3. As the regulations state that the EEOC's decision is binding upon the agency unless it issues a "final decision" within 180 calendar days after the administrative complaint was filed, defendant has *admitted* that it must be bound by the EEOC's December 27, 1985, decision.

31, 1985, "Supplemental Report" constitute an untimely rejection of the Report's findings in plaintiff's favor, the Court finds that defendant adopted the "Supplemental Report." Accordingly, the Court will grant plaintiff's motion for partial summary judgment, and will issue an Order, of even date herewith, memorializing this Opinion.

ORDER

In accordance with the Opinion in the above-captioned case, issued of even date herewith, and for the reasons set forth therein, it is this 12th day of May, 1988,

ORDERED that plaintiff's motion for partial summary judgment shall be, and hereby is, granted; and it is

FURTHER ORDERED that the findings and recommended decision in the Report of Supplemental Investigation of the Equal Employment Opportunity Complaint of James E. Brown, Department of the Army, dated October 31, 1985, shall be, and hereby are, adopted as the findings and decision of this Court; and it is

FURTHER ORDERED that judgment shall be entered in favor of the plaintiff to the extent required by the Court's adoption of the EEOC decision in the Report of Supplemental Investigation, specifically:

— judgment shall be entered in favor of the plaintiff on his claim of discrimination by reason of reprisal, and

— judgment shall be entered granting plaintiff a promotion to a GS–9 position similar to the position denied him, and such promotion shall be retroactive to August 21, 1975, and

— judgment shall be entered awarding plaintiff backpay, including all within-grade increases, pay adjustments, and any promotions that may have accrued by way of restructuring or reclassification of that type of job; and it is

FURTHER ORDERED that the parties shall appear for a status call on June 17, 1988, at 10:00 a.m.